Manatt, Phelps & Phillips, LLP
SHARI MULROONEY WOLLMAN (Bar No. CA 137142)
E-mail: swollman@manatt.com
ZAHER LOPEZ (Bar No. CA 272293)
E-mail: zlopez@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

ADRIANNE E. MARSHACK (Bar No. CA 253682)
E-mail: amarshack@manatt.com
695 Town Center Drive, 14th Floor
Costa Mesa, CA 92626
Telephone: (714) 371-2500
Facsimile: (714) 371-2550

Attorneys for *Defendants* MEDIACHASE, LTD., CHRIS LUTZ, and JULIE MAGBOJOS and *Counter-Claimant* MEDIACHASE, LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

| | |
|---|---|
| ALEXANDRE SINIOUGUINE, individually,<br><br>Plaintiff,<br><br>vs.<br><br>MEDIACHASE LTD., a Delaware corporation, CHRIS LUTZ, individually, JULIE MAGBOJOS, individually, and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV11-6113 JFW (AGRx)<br><br>Hon. John F. Walter<br><br>**PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF CONFIDENTIAL DISCOVERY MATERIALS**<br><br>[Fed. Rule of Civ. Proc., Rule 26(c)]<br><br><u>Telephonic Hearing</u><br>Date: April 19, 2012<br>Time: 11:00 a.m.<br>Location: Telephonic (Magistrate Judge Alicia G. Rosenberg)<br><br>Discovery Cut-Off Date: May 8, 2012<br>Pre-Trial Conference: July 6, 2012<br>Trial Date: July 24, 2012 |

The Court, having considered Mediachase, Ltd.'s Motion for a Protective Order, and good cause appearing, issues the following Order regarding the production of documents, source code, and other materials in this case:

**A.   PURPOSES AND LIMITATIONS**

Protected Material (defined in Paragraph B(4) below) designated under the terms of this Order shall be used by a Receiving Party (defined in Paragraph B(5) below) solely for this litigation, and shall be used only for purposes of litigating this case and any cases ordered by a court to be related to this case, and shall not be used directly or indirectly for any other purpose whatsoever.  Protected Material used at trial shall become public absent a separate court order upon written motion and sufficient cause shown.

**B.   DEFINITIONS**

1. "Discovery Material" means all information, documents, source code, or testimony, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery in this matter.

2. "Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and attorneys of record and their support staffs.

3. "Producing Party" means any Party or third-party entity that discloses or produces any Discovery Material in this action.

4. "Protected Material" means any Discovery Material that is designated as "Confidential," or "Attorneys' Eyes Only," as provided for in this Order, as well as any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, that the Producing Party reasonably believes contains or constitutes confidential, proprietary, trade secret, and/or commercially sensitive information.

5. "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

## C. ACCESS TO AND USE OF PROTECTED MATERIAL

1. Protected Material shall be used solely for this litigation and the preparation and trial in this case and any cases ordered by a court to be related to this case, or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation (including any other litigation between the Parties), patent prosecution or acquisition, or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

2. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (a) that is or has become publicly known through no fault of the Receiving Party; (b) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (c) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (d) with the consent of the Producing Party; or (e) pursuant to an Order of the Court.

## D. DESIGNATING PROTECTED MATERIAL

1. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for Protected Material, with the following designations: "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY."

2. Protected Materials that meet the requirements for the confidentiality designations above must be so designated by placing the appropriate designation on every page of the written material prior to production or, for materials produced on computer readable media, by placing the appropriate designation on each item of

1  computer readable media. In the event that original documents are produced for
2  inspection, the Producing Party may produce the documents with a temporary
3  designation, provided that the documents are re-designated as necessary by placing
4  the appropriate legend on the documents in the copying process.

5       3.   Any designated Protected Material that is used in the taking of a
6  deposition shall remain subject to the provisions of this Order, along with the
7  transcript pages of the deposition testimony dealing with such Discovery Material,
8  which shall also be designated with the same designation. The Court reporter shall
9  be informed of this Order and shall be required to operate in a manner consistent
10 with this Order. In the event the deposition is videotaped, the original and all
11 copies of the videotape shall be marked by the video technician to indicate that the
12 contents of the videotape are subject to this Order, substantially along the lines of
13 "This videotape contains confidential testimony used in this case and is not to be
14 viewed or the contents thereof to be displayed or revealed except by order of the
15 Court, or pursuant to written stipulation of the parties." Furthermore, the witness
16 under deposition or his/her counsel shall invoke the provisions of this Order in a
17 timely manner and designate the level of restriction. During the deposition, Parties
18 shall be excluded from viewing documents or material designated "Attorneys' Eyes
19 Only" unless the Party being deposed was the Producing Party. The witness under
20 deposition or his counsel shall have the right, within fifteen days of receiving a
21 transcript of the deposition, to designate, or change, the confidentiality designation
22 of the transcript or portions thereof. For depositions with some confidential and
23 some non-confidential documents or testimony, the cover shall indicate the
24 existence of confidential portions and a separate Table of Contents shall be
25 included indicating the portions which have been designated as confidential.

26 **E.   DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**
27      1.   A Producing Party may designate Discovery Material as
28 "CONFIDENTIAL" if it contains or reflects confidential, proprietary, trade secret,

and/or commercially sensitive information.

2. Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i) The parties to this action;

(ii) Attorneys of record for the Receiving Party and employees of such attorneys on a need to know basis;

(iii) Independent experts retained by the attorneys for purposes of the litigation that are not directly associated with a Party, provided that disclosure is only to the extent necessary to perform such work; and provided that such person has signed the confidentiality form annexed hereto as Exhibit A, agreeing to be bound by the terms of this Order;

(iv) Outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators; provided that all such persons have signed the confidentiality form annexed hereto as Exhibit A, agreeing to be bound by the terms of this Order;

(v) Court reporters, stenographers and videographers retained to record testimony taken in this action

(vi) The Court and Court personnel;

(vii) Persons identified on the document as being the author or recipient thereof; and

(viii) Any other person with the prior written consent of the Producing Party.

F. **DISCOVERY MATERIAL DESIGNATED AS "ATTORNEYS' EYES ONLY"**

1. A Producing Party may designate Discovery Material as "ATTORNEYS' EYES ONLY" if it contains or reflects information that is highly confidential and/or sensitive in nature. The "ATTORNEYS' EYES ONLY" designation shall be used for information that constitutes proprietary financial or

technical or commercially sensitive competitive information that the Producing Party maintains as highly confidential in its business, including, but not limited to, information relating to future products not yet commercially released, strategic plans, technical documents that would reveal trade secrets, Source Code, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party.

2. Discovery Material designated as "ATTORNEYS' EYES ONLY" may be disclosed only to:

    (i) Attorneys of record for the Receiving Party and employees of such attorneys on a need to know basis;

    (ii) Independent experts retained by the attorneys for purposes of the litigation that are not directly associated with a Party, provided that disclosure is only to the extent necessary to perform such work; and provided that such person has signed the confidentiality form annexed hereto as Exhibit A, agreeing to be bound by the terms of this Order;

    (iii) Outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators; provided that all such persons have signed the confidentiality form annexed hereto as Exhibit A, agreeing to be bound by the terms of this Order;

    (iv) Court reporters, stenographers and videographers retained to record testimony taken in this action;

    (v) The Court and Court personnel;

    (vi) Persons identified on the document as being the author or recipient thereof; and

    (vii) Any other person with the prior written consent of the Producing Party.

## G.   EXPERTS AND CONSULTANTS

1. For purposes of this Protective Order, an expert witness shall not be

deemed to be "independent" if he is: (a) a Party to this litigation, or an officer, shareholder, owner, manager, partner, distributor, seller, advertiser, independent contractor, affiliate, director, employee, former employee or contractor, or relative of a Party to this litigation, or a Party's parent, subsidiary, predecessor-in-interest, successor-in-interest, related entity or affiliate; or (b) an officer, shareholder, owner, manager, partner, distributor, seller, advertiser, independent contractor, affiliate, director, employee, former employee or contractor, or relative of a direct competitor to a Party to this litigation, or the competitor's parent, subsidiary, predecessor-in-interest, successor-in-interest, related entity or affiliate.

    2.    Prior to receiving any Protected Material under this Order, the proposed outside expert or consultant must execute a copy of the confidentiality agreement attached hereto as "Exhibit A."

## H.   CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

If, at any time during the preparation for trial, any Party believes that any other Party or non-party has improperly designated certain information as "Confidential" or "Attorneys' Eyes Only" or believes that it is necessary to disclose designated information to persons other than those permitted by this Order, and the Producing Party does not agree to change the designation or to the further disclosure, the objecting Party may make an appropriate motion to the Court requesting that the specifically identified documents, information and/or deposition testimony be excluded from the provisions of this Order or be available to specified other persons. It shall be the burden of the Party that makes the designation to demonstrate that the material or information at issue was properly designated.

## I.   SUBPOENAS OR COURT ORDERS

In the event that a Party is served with a subpoena by any person, firm, corporation, or other entity that is not a Party to this action, is not a signatory to this Order or otherwise is not bound by this Order, that seeks to compel production of "Confidential" or "Attorneys' Eyes Only" information or documents, the Party

1  upon whom the subpoena is served shall, to the extent allowed by law, give written
2  notice of the subpoena to the Party that has asserted that the information or
3  documents subject to the subpoena are "Confidential" or "Attorneys' Eyes Only."
4  The written notice required by this paragraph shall be given no later than seven (7)
5  days after receipt of the subpoena, or before the production date set forth in the
6  subpoena, whichever is earlier. The Party who designated the subject information
7  or documents as "Confidential" or "Attorneys' Eyes Only" shall have the
8  responsibility to obtain an order from the Court quashing the subpoena, a protective
9  order, and/or such other relief as will protect the confidential nature of the subject
10  information or documents. If such a motion is filed before the requested production
11  date, the Party upon whom the subpoena, discovery request, or order is served shall
12  not produce the subject information or documents requested in the subpoena,
13  discovery request, or order until after such time as the Court rules on the motion to
14  quash the subpoena or motion for protective order. If an order quashing the
15  subpoena or motion for protective order is obtained, the Party upon whom the
16  subpoena, discovery request, or order is served shall comply with the order. If no
17  motion to quash or motion for protective order is filed before the scheduled
18  production date set forth in the subpoena, discovery request, or order, or if the
19  motion to quash the subpoena or motion for protective order is denied, the Party
20  upon whom the subpoena, discovery request, or order is served may comply with
21  the same without being deemed to have violated this Order.

22  **J.  FILING PROTECTED MATERIAL**

23  Nothing in this Order shall be construed to prejudice any Party's right to use
24  any Protected Material in Court or in any Court filing, provided that any document
25  that includes Protected Material shall be the subject of an application to file under
26  seal in conformance with the procedures set forth in Civil Local Rule 79-5.1 and
27  ECF Administrative Policies and Procedures, Section II.j. Provided that the
28  procedures and requirements set forth in Civil Local Rule 79-5.1 and ECF

Administrative Policies and Procedures, Section II.j are satisfied, no consent of the Producing Party is required to file Protected Material under seal.

### K. INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

The provisions of Rule 26(b)(5) of the Federal Rules of Civil Procedure shall apply to the inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection.

### L. INADVERTENT FAILURE TO DESIGNATE

1. The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material protected under one of the categories of this Order within a reasonable period of time after the Producing Party learns of the inadvertent failure to so designate.

2. A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

### M. DISCLOSURES NOT AUTHORIZED BY ORDER

1. In the event of a disclosure of any Protected Material to any person or persons not authorized to receive such disclosure under this Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Protected Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to

retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

2. Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

**N. MISCELLANEOUS**

1. Nothing in this Order abridges the right of any person to seek modification of the Order by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

2. The Parties agree that the terms of this Order shall survive and remain in effect after the termination of the above-captioned matter.

3. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

4. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order. This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

5. Notwithstanding anything to the contrary above, nothing in this Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and,

if so, what restrictions should apply.

## O. FINAL DISPOSITION

1. Not later than sixty (60) days after the final disposition of this litigation, (including after any appeals), each Party shall return to the respective outside counsel of the Producing Party or destroy all Protected Material of a Producing Party, subject to the exceptions noted in the following Paragraph.

2. All Parties that have received any such Protected Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed. Notwithstanding the provisions for return or destruction of Protected Material, outside counsel may retain all pleadings, court filings, expert reports, discovery responses, correspondence, including all exhibits thereto, and attorney, expert and consultant work product for archival purposes.

3. The Court can modify this Order in the interest of justice or for good cause shown.

IT IS SO ORDERED.

Date: April 19, 2012_____         _____
                                           Magistrate Judge Alicia G. Rosenberg

# EXHIBIT A
# CONFIDENTIALITY AGREEMENT

1.  I have been asked by _____ or its counsel to receive and review certain materials or testimony that have been designated as "Confidential" or "Attorneys' Eyes Only" within the terms of the Protective Order entered in the U.S. District Court for the Central District of California, case entitled *Siniouguine v. Mediachase, Ltd. et al.*, Case No. CV 11-6113 JFW (AGRx), United States District Court, Central District of California.

2.  I have read the aforementioned Protective Order, and agree to be bound by it.

3.  I declare the foregoing is true under penalty of perjury under the laws of the United States of America.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]