SHARI MULROONEY WOLLMAN (CA Bar No. 137142)
E-mail: swollman@manatt.com
MARK S. LEE (CA Bar No. 94103)
E-mail: mlee@manatt.com
DONALD BROWN (CA Bar No. 156548)
E-mail: dbrown@manatt.com
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, California 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

ADRIANNE E. MARSHACK (CA Bar No. 253682)
E-mail: amarshack@manatt.com
Manatt, Phelps & Phillips, LLP
695 Town Center Drive, 14th Floor
Costa Mesa, California 92626
Telephone: (714) 371-2500
Facsimile: (714) 371-2550

Attorneys for *Counter-Claimant/Counter-Defendant/Defendant* MEDIACHASE, LTD. and *Defendants* CHRIS LUTZ and JULIE MAGBOJOS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

| | |
|---|---|
| ALEXANDRE SINIOUGUINE, individually, <br><br> Plaintiff, <br><br> vs. <br><br> MEDIACHASE LTD., a Delaware corporation, CHRIS LUTZ, individually, JULIE MAGBOJOS, individually, and DOES 1 through 10, inclusive, <br><br> Defendants. <br><br>And Related Counterclaims. | Case No. CV11-6113 JFW (AGRx) <br><br> **DISCOVERY MOTION** <br><br> **FIRST AMENDED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF CONFIDENTIAL DISCOVERY MATERIALS** <br><br> [Fed. Rule of Civ. Proc., Rule 26(c)] <br><br> Hearing <br> Date:      April 26, 2012 <br> Time:      10:00 a.m. <br> Location: Courtroom D (Magistrate <br>              Judge Alicia G. Rosenberg) <br><br> Discovery Cut-Off Date: May 8, 2012 <br> Pre-Trial Conference:     July 6, 2012 <br> Trial Date:                    July 24, 2012 |

1    The Court, having considered Mediachase, Ltd.'s Motion for a Protective

2    Order, and good cause appearing, issues the following Order regarding the

3    production of documents, source code, and other materials in this case:

4    **A.    <u>PURPOSES AND LIMITATIONS</u>**

5    Protected Material (defined in Paragraph B(4) below) designated under the

6    terms of this Order shall be used by a Receiving Party (defined in Paragraph B(5)

7    below) solely for this litigation, and shall be used only for purposes of litigating this

8    case and any cases ordered by a court to be related to this case, and shall not be

9    used directly or indirectly for any other purpose whatsoever.  Protected Material

10   used at trial shall become public absent a separate court order upon written motion

11   and sufficient cause shown.

12   **B.    <u>DEFINITIONS</u>**

13        1.    "Discovery Material" means all information, documents, source code,

14   or testimony, including from any non-party, regardless of the medium or manner

15   generated, stored, or maintained (including, among other things, testimony,

16   transcripts, or tangible things) that are produced, disclosed, or generated in

17   connection with discovery in this matter.

18        2.    "Party" means any party to this action, including all of its officers,

19   directors, employees, consultants, retained experts, and attorneys of record and their

20   support staffs.  "Parties" means the parties to this action, Alexandre Siniouguine,

21   Mediachase Ltd., Chris Lutz, Julie Magbojos, and VirtoSoftware.

22        3.    "Producing Party" means any Party or third-party entity that discloses

23   or produces any Discovery Material in this action.

24        4.    "Protected Material" means any Discovery Material that is designated

25   as "Confidential," "Attorneys' Eyes Only," or "Attorneys' Eyes Only – Source

26   Code" as provided for in this Order, as well as any information copied or extracted

27   therefrom, as well as all copies, excerpts, summaries, or compilations thereof, that

28   the Producing Party reasonably believes contains or constitutes confidential,

1  proprietary, trade secret, and/or commercially sensitive information.

2      5.    "Receiving Party" means any Party who receives Discovery Material

3  from a Producing Party.

4      6.    "Source Code" means any human-readable text files used as input to

5  computer programs that generate machine-readable files.  Source Code includes,

6  but is not limited to, files containing program text in "C", "C++", Java, assembly

7  language, scripting languages, and other programming languages.  Source Code

8  further includes "make" files, link files, compiler configuration files, change logs,

9  and other human-readable text files used in the generation and/or building of

10  software directly executed on a microprocessor or microcontroller or on a

11  virtualization thereof.  "Source Code" also means computer instructions and data

12  definitions expressed in a form suitable for input to an assembler, compiler, other

13  translator, or other data processing module, as well as any information copied or

14  extracted therefrom in connection with this litigation, as well as all copies, excerpts,

15  summaries, or compilations thereof, plus testimony, conversations, or presentations

16  by Parties or their counsel in Court or in other settings that might reveal such

17  information.  Source Code does not include binary executable files and object code

18  files.

19      7.    "The Programs" shall mean each of the eCommerce ("ECF") and

20  Calendar programs identified by the Parties in their pleadings in this action, and all

21  ocomputer software programs referenced therein, and any and all versions thereof.

22  **C.    ACCESS TO AND USE OF PROTECTED MATERIAL**

23      1.    Protected Material shall be used solely for this litigation and the

24  preparation and trial in this case and any cases ordered by a court to be related to

25  this case, or any related appellate proceeding, and not for any other purpose

26  whatsoever, including without limitation any other litigation (including any other

27  litigation between the Parties), patent prosecution or acquisition, or any business or

28  competitive purpose or function.  Protected Material shall not be distributed,

1   disclosed or made available to anyone except as expressly provided in this Order.

2       2.      Nothing in this Order shall restrict in any way a Producing Party's use

3   or disclosure of its own Protected Material.  Nothing in this Order shall restrict in

4   any way the use or disclosure of Discovery Material by a Receiving Party: (a) that

5   is or has become publicly known through no fault of the Receiving Party; (b) that is

6   lawfully acquired by or known to the Receiving Party independent of the Producing

7   Party; (c) previously produced, disclosed and/or provided by the Producing Party to

8   the Receiving Party or a non-party without an obligation of confidentiality and not

9   by inadvertence or mistake; (d) with the consent of the Producing Party; or

10  (e) pursuant to an Order of the Court.

11  **D.     DESIGNATING PROTECTED MATERIAL**

12      1.      Any Producing Party may designate Discovery Material with any of

13  the following designations, provided that it meets the requirements for Protected

14  Material, with the following designations:  "CONFIDENTIAL" and/or

15  "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE

16  CODE."

17      2.      Protected Materials that meet the requirements for the confidentiality

18  designations above must be so designated by placing the appropriate designation on

19  every page of the written material prior to production or, for materials produced on

20  computer readable media, by placing the appropriate designation on each item of

21  computer readable media.  In the event that original documents are produced for

22  inspection, the Producing Party may produce the documents with a temporary

23  designation, provided that the documents are re-designated as necessary by placing

24  the appropriate legend on the documents in the copying process.

25      3.      Any designated Protected Material that is used in the taking of a

26  deposition shall remain subject to the provisions of this Order, along with the

27  transcript pages of the deposition testimony dealing with such Discovery Material,

28  which shall also be designated with the same designation.  The Court reporter shall

1   be informed of this Order and shall be required to operate in a manner consistent

2   with this Order.  In the event the deposition is videotaped, the original and all

3   copies of the videotape shall be marked by the video technician to indicate that the

4   contents of the videotape are subject to this Order, substantially along the lines of

5   "This videotape contains confidential testimony used in this case and is not to be

6   viewed or the contents thereof to be displayed or revealed except by order of the

7   Court, or pursuant to written stipulation of the parties."  Furthermore, the witness

8   under deposition or his/her counsel shall invoke the provisions of this Order in a

9   timely manner and designate the level of restriction.  <u>During the deposition, Parties</u>

10  <u>shall be excluded from viewing documents or material designated "Attorneys' Eyes</u>

11  <u>Only" or "Attorneys' Eyes Only-Source Code" unless the Party being deposed was</u>

12  <u>the Producing Party.</u>  The witness under deposition or his counsel shall have the

13  right, within fifteen days of receiving a transcript of the deposition, to designate, or

14  change, the confidentiality designation of the transcript or portions thereof.  For

15  depositions with some confidential and some non-confidential documents or

16  testimony, the cover shall indicate the existence of confidential portions and a

17  separate Table of Contents shall be included indicating the portions which have

18  been designated as confidential.

19  **E.   DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

20          1.      A Producing Party may designate Discovery Material as

21  "CONFIDENTIAL" if it contains or reflects confidential, proprietary, trade secret,

22  and/or commercially sensitive information.

23          2.      Discovery Material designated as "CONFIDENTIAL" may be

24  disclosed only to the following:

25                  (i)     The parties to this action;

26                  (ii)    Attorneys of record for the Receiving Party and employees of

27  such attorneys on a need to know basis;

28                  (iii)   Independent experts retained by the attorneys for purposes of the

1  litigation that are not directly associated with a Party, provided that disclosure is

2  only to the extent necessary to perform such work; and provided that such person

3  has signed the confidentiality form annexed hereto as Exhibit A, agreeing to be

4  bound by the terms of this Order;

5    (iv)   Outside litigation support vendors, including commercial

6  photocopying vendors, scanning services vendors, coders and keyboard operators;

7  provided that all such persons have signed the confidentiality form annexed hereto

8  as Exhibit A, agreeing to be bound by the terms of this Order;

9    (v)   Court reporters, stenographers and videographers retained to

10  record testimony taken in this action

11    (vi)   The Court, jury, and Court personnel;

12    (vii)   Persons identified on the document as being the author or

13  recipient thereof; and

14    (viii)  Any other person with the prior written consent of the Producing

15  Party.

16  **F.**    **DISCOVERY MATERIAL DESIGNATED AS "ATTORNEYS' EYES**

17  **ONLY"**

18    1.    A Producing Party may designate Discovery Material as

19  "ATTORNEYS' EYES ONLY" if it contains or reflects information that is highly

20  confidential and/or sensitive in nature.  The "ATTORNEYS' EYES ONLY"

21  designation shall be used for information that constitutes proprietary financial or

22  technical or commercially sensitive competitive information that the Producing

23  Party maintains as highly confidential in its business, including, but not limited to,

24  information relating to future products not yet commercially released, strategic

25  plans, technical documents that would reveal trade secrets, Source Code, and

26  settlement agreements or settlement communications, the disclosure of which is

27  likely to cause harm to the competitive position of the Producing Party.

28    2.    Discovery Material designated as "ATTORNEYS' EYES ONLY" may

be disclosed only to:

(i)   Attorneys of record for the Receiving Party and employees of such attorneys on a need to know basis;

(ii)   Independent experts retained by the attorneys for purposes of the litigation that are not directly associated with a Party, provided that disclosure is only to the extent necessary to perform such work; and provided that such person has signed the confidentiality form annexed hereto as Exhibit A, agreeing to be bound by the terms of this Order;

(iii)   Outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators; provided that all such persons have signed the confidentiality form annexed hereto as Exhibit A, agreeing to be bound by the terms of this Order;

(iv)   Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)   The Court, jury, and Court personnel;

(vi)   Persons identified on the document as being the author or recipient thereof; and

(vii)   Any other person with the prior written consent of the Producing Party.

## G.   DISCOVERY MATERIAL DESIGNATED AS "ATTORNEYS' EYES ONLY – SOURCE CODE"

1.   A Producing Party may designate Source Code as "ATTORNEYS' EYES ONLY – SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

2.   Discovery Material designated as "ATTORNEYS' EYES ONLY – SOURCE CODE" shall be subject to the provisions set forth in Section K below, and may be disclosed, subject to Section H below, solely to:

1        (i)    Attorneys of record for the Receiving Party and employees of

2    such attorneys on a need to know basis;

3        (ii)    Independent experts retained by the attorneys for purposes of the

4    litigation that are not directly associated with a Party, provided that disclosure is

5    only to the extent necessary to perform such work; and provided that such person

6    has signed the confidentiality form annexed hereto as Exhibit A, agreeing to be

7    bound by the terms of this Order;

8        (iii)    Court reporters, stenographers and videographers retained to

9    record testimony taken in this action;

10        (iv)    The Court, jury, and Court personnel; and

11        (v)    Any other person with the prior written consent of the Producing

12    Party.

13    **H.    DISCLOSURE AND INSPECTION OF SOURCE CODE**

14        1.    The Parties shall each produce a working version of the Programs, as

15    well as a complete, functional build environment for the Source Code of its accused

16    instrumentalities, including build instructions, scripts and/or other information used

17    in the ordinary course of business to develop, build, test and debug the Source

18    Code.  The Parties shall produce such Source Code at a single common location,

19    which may be the Los Angeles, California office of Manatt, Phelps & Phillips, an

20    office within the geographic limits of the Central District of California of counsel

21    designated by the Parties, or another location within the geographic limits of the

22    Central District of California mutually agreed by the Parties (the "Software

23    Location").

24        2.    Source Code shall be produced in native format or in a source code

25    repository as the source code is kept in the ordinary course of business, together

26    with all libraries and scripts written by the Parties needed to compile the Source

27    Code.  All Source Code files shall be produced in native electronic format, capable

28    of review and analysis by commercial source code review software such as LINT

1   (www.gimpel.com/html/index.htm) or Understands (www.scitools.com), and shall

2   include all libraries and files used to assemble or compile and link the Source Code

3   and all make files and script files used to assemble or compile and link the Source

4   Code.

5          3.     Source Code that is designated "ATTORNEYS' EYES ONLY –

6   SOURCE CODE" shall be produced subject to the following provisions, unless

7   otherwise agreed by the Producing Party:

8          (i)     The Requesting Party shall provide five (5) days notice prior to

9   commencing an inspection.  The Requesting Party shall make its best efforts to

10   restrict its inspection requests to the business hours of the Software Location.

11   However, access after normal business hours and/or on weekends will be granted

12   upon reasonable notice by the Requesting Party to the host of the Software

13   Location.

14          (ii)    All Source Code shall be produced to the Receiving Party's

15   attorneys of record and/or experts in a private room on a secured computer without

16   Internet access or network access to other computers, as necessary and appropriate

17   to prevent and protect against any unauthorized copying, transmission, removal or

18   other transfer of any Source Code outside or away from the computer on which the

19   Source Code is provided for inspection (the "Designated Source Code Computer").

20   To facilitate analysis of network communications, a Designated Source Code

21   Computer may be networked together with another Designated Source Code

22   Computer by a private wired network, so long as no Designated Source Code

23   Computer is connected to any other network, internet or peripheral device except

24   that the Designated Source Code Computers may be connected to a printer or

25   printers.  A Receiving Party may make a back-up copy of the Source Code on a

26   Designated Source Code Computer.  The Receiving Party may use tools to

27   annotate, number the lines of, and bates label the pages of the back-up copy of the

28   Source Code.  The back-up copy will remain on the Source Code Computers and be

1  subject to all of the provisions of this Order that govern the Source Code.  The

2  Receiving Party's outside counsel and/or experts may request that software tools for

3  viewing and searching Source Code (commercial or proprietary) be installed on the

4  Designated Source Code Computers for the Receiving Party to perform its

5  inspection of the Source Code, provided, however, that such software tools are

6  reasonably necessary for the Receiving Party to perform its inspection of the Source

7  Code consistent with all of the protections herein.  The Receiving Party must

8  provide the Producing Party with the CD(s) or DVD(s) containing such licensed

9  software tool(s) at least five (5) days in advance of the date upon which the

10  Receiving Party wishes to have the additional software tools available for use on

11  the Designated Source Code Computer.

12         (iii)    Except for the Designated Source Code Computers referenced

13  above and the personal computers and mobile phones of persons authorized under

14  this Order to access information designated "ATTORNEYS' EYES ONLY –

15  SOURCE CODE", no recording devices or recordable media will be permitted

16  inside the source code review room.  The Receiving Party's outside counsel and/or

17  experts shall be entitled to take notes relating to the Source Code on their personal

18  computers or on paper.  No copies of all or any portion of the Source Code may

19  leave the room in which the Source Code is inspected except as otherwise provided

20  herein. Further, no other written or electronic record of the Source Code is

21  permitted except as otherwise provided herein. The Producing Party may not

22  visually or otherwise monitor the activities of the Receiving Party's representatives

23  during any source code inspection.

24         (iv)    The host of the Software Location shall make available a laser

25  printer with commercially reasonable printing speeds for on-site printing during

26  inspection of the Source Code.  The Receiving Party may print portions of the

27  Source Code only when reasonably necessary to facilitate the Receiving Party's

28  preparation of court filings and/or presentations to the Court, expert reports, and

related drafts and correspondences, and shall print only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose.  The Producing Party must allow printing of paper copies of the Source Code at the time of inspection by the Requesting Party, which the Requesting Party may take when completing an inspection. The paper copies of such Source Code must be kept in a secured container or location at all times. Paper copies of  the Source Code may not be copied and may not be removed from a secured container unless in a secured, private area. Notwithstanding the foregoing sentence, Counsel may make copies of and transport the paper copies for use as exhibits in court proceedings and court filings and at depositions.  These additional copies will be treated the same as the original print outs.  Individuals permitted under Section G to have access to information designated as "ATTORNEYS' EYES ONLY – SOURCE CODE" may have in their offices a paper copy of those portions of the Source Code on which they are working.  The Requesting Party shall maintain a complete log of bates numbered pages printed, and shall produce such log to the Producing Party within two (2) court days of printing such pages. For security purposes, this log must be produced to the Producing Party regardless of any other stipulation limiting expert discovery. Further, the log will be supplemented with each new expert report and 10 days after trial.  Paper copies of Source Code shall include bates number and confidentiality labels when printed, but the Producing Party shall not undertake any effort to track or otherwise determine which pages of Source Code have been printed.  The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(v)     Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, laptops, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The Producing Party shall not be

[PROPOSED] PROTECTIVE ORDER

1   responsible for any items left in the room following each inspection session, and the

2   Receiving Party shall have no expectation of confidentiality for any items left in the

3   room following each inspection session without a prior agreement to that effect.

4          (vi)    Other than as provided in this Section H, the Receiving Party

5   will not copy, remove, or otherwise transfer any Source Code from the Designated

6   Source Code Computer including, without limitation, copying, removing, or

7   transferring the Source Code onto any other computers or peripheral equipment.

8   The Receiving Party will not transmit any Source Code in any way from the

9   Software Location or the offices of its outside counsel of record except as expressly

10  permitted herein.

11         (vii)   The Receiving Party shall keep printouts or photocopies of

12  Source Code in a secured locked area in the office of its outside counsel or other

13  individuals permitted under Paragraph Section J to have access to information

14  designated as "ATTORNEYS' EYES ONLY – SOURCE CODE" except as

15  permitted herein.  The Receiving Party may also temporarily keep the Source Code

16  printouts or photocopies at:  (i) the sites where any deposition relating to the Source

17  Code are taken for the dates associated with taking the deposition; (ii) the Court; or

18  (iii) any intermediate location reasonably necessary to transport the information

19  (e.g., a hotel prior to a deposition).

20         (viii)  All paper copies of Source Code shall be securely destroyed in a

21  timely manner if they are no longer in use (*e.g.*, at the conclusion of a deposition).

22  Copies of Source Code that are marked as deposition exhibits shall not be provided

23  to the Court Reporter or attached to deposition transcripts; rather, the deposition

24  record will identify the exhibit by its production numbers.  All Source Code will be

25  destroyed by the Receiving Party within thirty (30) days of final disposition of this

26  action, including appeal.

27         (ix)    As an alternative to the provision set forth in subsections 3(i)-

28  (viii), by mutual agreement of the Parties, the Source Code for the Programs may

1  be deposited, at the same time and date to be mutually agreed, with

2  http://projectlocker.com on a "read only" basis.

3  **I.     EXPERTS AND CONSULTANTS**

4          1.      For purposes of this Protective Order, an expert witness shall not be

5  deemed to be "independent" if he is:  (a) a Party to this litigation, or an officer,

6  shareholder, owner, manager, partner, distributor, seller, advertiser, independent

7  contractor, affiliate, director, employee, former employee or contractor, or relative

8  of a Party to this litigation, or a Party's parent, subsidiary, predecessor-in-interest,

9  successor-in-interest, related entity or affiliate; or (b) an officer, shareholder,

10 owner, manager, partner, distributor, seller, advertiser, independent contractor,

11 affiliate, director, employee, former employee or contractor, or relative of a direct

12 competitor to a Party to this litigation, or the competitor's parent, subsidiary,

13 predecessor-in-interest, successor-in-interest, related entity or affiliate.

14         2.      Prior to receiving any Protected Material under this Order, the

15 proposed outside expert or consultant must execute a copy of the confidentiality

16 agreement attached hereto as "Exhibit A."

17 **J.     CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

18         If, at any time during the preparation for trial, any Party believes that any

19 other Party or non-party has improperly designated certain information as

20 "Confidential" or "Attorneys' Eyes Only" or "Attorneys' Eyes Only – Source

21 Code" or believes that it is necessary to disclose designated information to persons

22 other than those permitted by this Order, and the Producing Party does not agree to

23 change the designation or to the further disclosure, the objecting Party may make an

24 appropriate motion to the Court requesting that the specifically identified

25 documents, information and/or deposition testimony be excluded from the

26 provisions of this Order or be available to specified other persons, subject to

27 applicable meet and confer requirements.  It shall be the burden of the Party that

28 makes the designation to demonstrate that the material or information at issue was

1  properly designated.

2  **K.**     **SUBPOENAS OR COURT ORDERS**

3           In the event that a Party is served with a subpoena by any person, firm,

4  corporation, or other entity that is not a Party to this action, is not a signatory to this

5  Order or otherwise is not bound by this Order, that seeks to compel production of

6  "Confidential" or "Attorneys' Eyes Only" or "Attorneys' Eyes Only  - Source

7  Code" information or documents, the Party upon whom the subpoena is served

8  shall, to the extent allowed by law, give written notice of the subpoena to the Party

9  that has asserted that the information or documents subject to the subpoena are

10 "Confidential" or "Attorneys' Eyes Only" or "Attorneys' Eyes Only – Source

11 Code."  The written notice required by this paragraph shall be given no later than

12 seven (7) days after receipt of the subpoena, or before the production date set forth

13 in the subpoena, whichever is earlier.  The Party who designated the subject

14 information or documents as "Confidential" or "Attorneys' Eyes Only" or

15 "Attorneys' Eyes Only – Source Code" shall have the responsibility to obtain an

16 order from the Court quashing the subpoena, a protective order, and/or such other

17 relief as will protect the confidential nature of the subject information or

18 documents.  If such a motion is filed before the requested production date, the Party

19 upon whom the subpoena, discovery request, or order is served shall not produce

20 the subject information or documents requested in the subpoena, discovery request,

21 or order until after such time as the Court rules on the motion to quash the subpoena

22 or motion for protective order.  If an order quashing the subpoena or motion for

23 protective order is obtained, the Party upon whom the subpoena, discovery request,

24 or order is served shall comply with the order.  If no motion to quash or motion for

25 protective order is filed before the scheduled production date set forth in the

26 subpoena, discovery request, or order, or if the motion to quash the subpoena or

27 motion for protective order is denied, the Party upon whom the subpoena, discovery

28 request, or order is served may comply with the same without being deemed to have

1   violated this Order.

2   **L.**     **FILING PROTECTED MATERIAL**

3          Nothing in this Order shall be construed to prejudice any Party's right to use

4   any Protected Material in Court or in any Court filing, provided that any document

5   that includes Protected Material shall be the subject of an application to file under

6   seal in conformance with the procedures set forth in Civil Local Rule 79-5.1 and

7   ECF Administrative Policies and Procedures, Section II.j.  Provided that the

8   procedures and requirements set forth in Civil Local Rule 79-5.1 and ECF

9   Administrative Policies and Procedures, Section II.j are satisfied, no consent of the

10   Producing Party is required to file Protected Material under seal.

11   **M.**     **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

12          The provisions of Rule 26(b)(5) of the Federal Rules of Civil Procedure

13   shall apply to the inadvertent production by a Party of Discovery Material subject to

14   the attorney-client privilege, work-product protection, or any other applicable

15   privilege or protection.

16   **N.**     **INADVERTENT FAILURE TO DESIGNATE**

17          1.     The inadvertent failure by a Producing Party to designate Discovery

18   Material as Protected Material with one of the designations provided for under this

19   Order shall not waive any such designation provided that the Producing Party

20   notifies all Receiving Parties that such Discovery Material protected under one of

21   the categories of this Order within a reasonable period of time after the Producing

22   Party learns of the inadvertent failure to so designate.

23          2.     A Receiving Party shall not be in breach of this Order for any use of

24   such Discovery Material before the Receiving Party receives notice of the

25   inadvertent failure to designate.  Once a Receiving Party has received notice of the

26   inadvertent failure to designate pursuant to this provision, the Receiving Party shall

27   treat such Discovery Material at the appropriately designated level pursuant to the

28   terms of this Order.

## O.   DISCLOSURES NOT AUTHORIZED BY ORDER

1.     In the event of a disclosure of any Protected Material to any person or persons not authorized to receive such disclosure under this Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Protected Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

2.     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

## P.   MISCELLANEOUS

1.     Nothing in this Order abridges the right of any person to seek modification of the Order by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

2.     The Parties agree that the terms of this Order shall survive and remain in effect after the termination of the above-captioned matter.

3.     This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

4.     By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to the use in evidence

1   of any of the material covered by this Order.  This Order shall not constitute a

2   waiver of the right of any Party to claim in this action or otherwise that any

3   Discovery Material, or any portion thereof, is privileged or otherwise non-

4   discoverable, or is not admissible in evidence in this action or any other proceeding.

5       5.      Notwithstanding anything to the contrary above, nothing in this Order

6   shall be construed to change the burdens of proof or legal standards applicable in

7   disputes regarding whether particular Discovery Material is confidential, which

8   level of confidentiality is appropriate, whether disclosure should be restricted, and,

9   if so, what restrictions should apply.

10  **Q.   FINAL DISPOSITION**

11      1.      Not later than sixty (60) days after the final disposition of this

12  litigation, (including after any appeals), each Party shall return to the respective

13  outside counsel of the Producing Party or destroy all Protected Material of a

14  Producing Party, subject to the exceptions noted in the following Paragraph.

15      2.      All Parties that have received any such Protected Material shall certify

16  in writing that all such materials have been returned to the respective outside

17  counsel of the Producing Party or destroyed.  Notwithstanding the provisions for

18  return or destruction of Protected Material, outside counsel may retain all pleadings,

19  court filings, expert reports, discovery responses, correspondence, including all

20  exhibits thereto, and attorney, expert and consultant work product for archival

21  purposes.

22

23

24

25

26

27

28

3.    The Court can modify this Order in the interest of justice or for good cause shown.

IT IS SO ORDERED.

Date: April 27, 2012_____

_____

Magistrate Judge Alicia G. Rosenberg

Submitted by:

Manatt Phelps & Phillips, LLP
Shari Mulrooney Wollman
Mark S. Lee
Donald R. Brown
Adrianne E. Marshack


By _____/s/_____
    Shari Mulrooney Wollman
    Attorneys for *Counter-Claimant/Counter-Defendant/Defendant* MEDIACHASE, LTD. and *Defendants* CHRIS LUTZ and JULIE MAGBOJOS

## **EXHIBIT A**
## **CONFIDENTIALITY AGREEMENT**

     1.    I have been asked by _____ or its counsel to receive and review certain materials or testimony that have been designated as "Confidential" or "Attorneys' Eyes Only" or "Attorneys' Eyes Only – Source Code" within the terms of the Protective Order entered in the U.S. District Court for the Central District of California, case entitled *Siniouguine v. Mediachase, Ltd. et al.*, Case No. CV 11-6113 JFW (AGRx), United States District Court, Central District of California.

     2.    I have read the aforementioned Protective Order, and agree to be bound by it.

     3.    I declare the foregoing is true under penalty of perjury under the laws of the United States of America.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____
[Signature]

301917797

[PROPOSED] PROTECTIVE ORDER