UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ALEXANDRE SINIOUGUINE, individually, | Case No. CV11-6113 JFW (AGRx) |
|---|---|
| Plaintiff, | **Honorable John F. Walter** |
| vs. | **PERMANENT INJUNCTION** |
| MEDIACHASE, LTD., a Delaware corporation; CHRIS LUTZ, individually; JULIE MAGBOJOS, individually; and DOES 1 through 10, inclusive, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

The Court, having entered summary judgment in favor of Defendant/Counterclaimant/Counter-Defendant Mediachase, Ltd. ("Mediachase") and against Plaintiff/Counter-Defendant/Counterclaimant Alexandre Siniouguine ("Siniouguine") by its dated June 11, 2012 Order Granting Mediachase, Ltd., Chris Lutz and Julie Magbojos' Motion for: (1) Summary Judgment on Plaintiff's Complaint and Counterclaims; Mediachase's Declaratory Relief Claims; and (2) Partial Summary Judgment on Mediachase's Copyright Infringement Counterclaims (Dkt. No. 130) (the "Summary Judgment Order"), which is incorporated herein by reference, and having reviewed the Stipulation Re: Permanent Injunction filed by the Parties, and good cause having been shown therefore,

IT IS HEREBY ORDERED THAT:

1. Siniouguine, and all those in active concert and participation with him, shall be PERMANENTLY ENJOINED AND RESTRAINED from the following:

   (a) Using, reproducing, copying, displaying, distributing, selling, licensing, or otherwise transferring: (i) the eCommerce Framework program as identified in Copyright Registration Nos. TX 7-329-315, TX 7-397-666 ("the ECF Program"); (ii) the Calendar.NET program as identified in Copyright Registration No. TX 7-396-494 ("the Calendar Program"); and/or (iii) any other Mediachase copyrighted works existing as of June 28, ("the Mediachase Copyrighted Works Existing as of June 28, 2012");

   (b) Preparing derivative works based upon the ECF Program, the Calendar Program and/or any other Mediachase Copyrighted Works Existing as of June 28, 2012;

   (c) Promoting, advertising, marketing, publicizing, exhibiting, displaying, and/or offering for sale or license or transfer the ECF Program, the Calendar Program and/or any other Mediachase Copyrighted Works Existing as of June 28, 2012;

      (d)    Seeking to register the ECF Program, the Calendar Program and/or any other Mediachase Copyrighted Works Existing as of June 28, 2012, as works authored by Siniouguine or any third party;

      (e)    Claiming an ownership interest in ECF Program, the Calendar Program and/or any other Mediachase Copyrighted Works Existing as of June 28, 2012;

      (f)    Contesting the validity of the ECF Program Copyright Registration Nos. TX 7-329-315 and TX 7-397-666 and/or the Calendar Program Copyright Registration No. TX 7-396-494 and/or any other Mediachase Copyrighted Works Existing as of June 28, 2012;

      (g)    Infringing, inducing the infringement of, and/or contributing to the infringement of the ECF Program, the Calendar Program, and/or any other Mediachase Copyrighted Works Existing as of June 28, 2012; and

      (h)    Assisting, inducing, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in paragraphs 1(a) - (g) above.

2.    Notwithstanding the language set forth above, the Parties acknowledge Siniouguine s claim that he created the ECF Program and the Calendar Program, and Siniouguine may advertise or market that he created the ECF Program and/or the Calendar Program;

3.    The Court will retain jurisdiction to enforce this Permanent Injunction and adjudicate any disputes relating to it, including any effort by Mediachase to enter judgment against Siniouguine for violation of the terms of this Permanent Injunction pursuant to the Parties' Stipulation for Entry of Monetary Judgment. Mediachase must seek entry of the Monetary Judgment solely by regularly noticed motion; however, nothing contained herein shall limit Mediachase's right to move

for expedited relief in the form of a Temporary Restraining Order, Preliminary Injunction or other extraordinary remedy, with or without notice, to enjoin any act by Siniouguine. Additionally, nothing contained herein shall limit Siniouguine's right to object to the enforceability of the Permanent Injunction should Mediachase fail to comply with the terms of the Settlement Agreement and General Release;

4. This Permanent Injunction shall be enforceable against Siniouguine for any acts that the Court determines violate the Permanent Injunction; and

5. The Parties shall bear their own attorneys' fees and costs.

Dated: October 4, 2012

_____
The Honorable John F. Walter
United States District Court Judge

Submitted By:

MANATT, PHELPS & PHILLIPS, LLP
Shari Mulrooney Wollman
Adrianne E. Marshack

By: /s/ Shari Mulrooney Wollman
Attorneys for Mediachase, Ltd. and
Chris Lutz and Julie Magbojos

and

ANDERSON & ASSOCIATES
Michael D. Anderson
Nicholas Hnatiuk

By: /s/ Michael D. Anderson
Attorneys for Alexandre Siniouguine
and Alexandre Siniouguine dba
Virto Software