1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  ALEXANDRE SINIOUGUINE, individually, | Case No.  CV11-6113 JFW (AGRx) |
| 12                         Plaintiff, | **Honorable John F. Walter** |
| 13          vs. | **FINAL JUDGMENT** |
| 14  MEDIACHASE, LTD., a Delaware corporation; CHRIS LUTZ, individually; JULIE MAGBOJOS, individually; and DOES 1 through 10, inclusive, | |
| 17                         Defendants. | |
| 18 | |
| 19  AND RELATED COUNTERCLAIMS | |

20

21

22

23

24

25

26

27

28

1   Following entry of this Court's June 11, 2012 Order Granting Mediachase,

2   Ltd., Chris Lutz and Julie Magbojos' Motion for: (1) Summary Judgment on

3   Plaintiff's Complaint and Counterclaims; Mediachase's Declaratory Relief Claims;

4   and (2) Partial Summary Judgment on Mediachase's Copyright Infringement

5   Counterclaims (Dkt. No. 130) (the "Summary Judgment Order"), Plaintiff/

6   Counter-Defendant/Counterclaimant Alexandre Siniouguine ("Siniouguine") and

7   Defendant/Counterclaimant/Counter-Defendant Mediachase, Ltd. and Defendants

8   Chris Lutz and Julie Magbojos ("Mediachase") (collectively, the "Parties") have

9   settled this action as set forth in the Settlement Agreement between the Parties, and

10  contingent upon Court's entry of this Final Judgment, the Parties' stipulated

11  Permanent Injunction and the Stipulation Re: Dismissal in the manner described

12  below.  The Parties have waived findings of fact and conclusions of law with

13  respect thereto, and have waived their right to appeal from this Final Judgment.

14  The Parties have stipulated to entry of Judgment on the following terms, and the

15  Court hereby enters Judgment as follows:

16      1.   Judgment is entered in favor of Mediachase on all claims and

17  counterclaims by Siniouguine.  As more fully described in the Summary Judgment

18  Order [Docket No. 130], the entirety of which is incorporated herein by reference,

19  this Court has determined as a matter of law that Mediachase, not Siniouguine,

20  owns the copyrights in and to the eCommerce Framework Program, Copyright

21  Registration No. TX 0007329315 ("ECF Program") and Calendar.NET Program,

22  Copyright Registration No. TX 0007396494 ("Calendar Program") that are the

23  subjects of this action;

24      2.   Judgment is entered in favor of Mediachase, and against Siniouguine,

25  on Mediachase's Counterclaims for (1) declaratory judgment of Mediachase's

26  copyright ownership in the ECF Program; (2) declaratory judgment that

27  Siniouguine's Copyright Registration for the ECF Program (TX 0007446342) is

28  invalid; (3) declaratory judgment of Mediachase's copyright ownership in the

1   Calendar Program; and (4) declaratory judgment that Siniouguine's Copyright

2   Registration for the Calendar Program (TX 0007412872) is invalid.  As more fully

3   described in the Summary Judgment Order, this Court has determined that, because

4   Mediachase owns the copyrights in and to the ECF Program and the Calendar

5   Program at issue in this action, Siniouguine's Copyright Registration Nos. TX

6   0007446342 and TX 0007412872 for these programs are invalid;

7          3.     The Court shall enter the Permanent Injunction which the Parties have

8   jointly requested that the Court enter:

9          4.     The Final Judgment, Permanent Injunction and Settlement Agreement

10   shall be enforceable against the Parties for any acts that violate the Final Judgment,

11   the Permanent Injunction and/or the Settlement Agreement, and the Court shall

12   retain jurisdiction to enforce them;

13          5.     While the Parties have executed a Stipulation for Entry of Monetary

14   Judgment in favor of Mediachase and against Siniouguine, Mediachase will not file

15   or otherwise apply to have such Monetary Judgment entered unless and until the

16   Court deteimines that Siniouguine violated the terms of the Permanent Injunction.

17   Mediachase must seek entry of the Monetary Judgment solely by regularly noticed

18   motion; however, nothing contained herein shall limit Mediachase's right to move

19   for expedited relief in the form of a Temporary Restraining Order, Preliminary

20   Injunction or other extraordinary remedy, with or without notice, to enjoin any act

21   by Siniouguine.  Additionally, nothing contained herein shall limit Siniouguine's

22   right to object to the enforceability of the Monetary Judgment if Mediachase fails to

23   comply with the terms of the Settlement Agreement;

24          6.     The Court's Summary Judgment Order, this Final Judgment and the

25   Permanent Injunction are binding and final, and are non-appealable;

26          7.     Siniouguine is hereby Ordered to destroy all copies of the ECF

27   Program, the Calendar Program, and any other Mediachase copyrighted works

28   existing as of June 28, 2012, to the extent he has not already done so;

8.      Based upon the Parties' Stipulation For Dismissal, the Court will dismiss: (a) with prejudice Mediachase's remaining counterclaims against Siniouguine for: (1) copyright infringement; (2) misappropriation of trade secrets; (3) breach of contract (assignment); (4) breach of contract (non-disclosure); (5) fraud; (6) conversion; and (7) violation of California Business & Professions Code § 17200; and (b) without prejudice Mediachase's remaining Counterclaims against Counter-Defendant VirtoSoftware for: (1) copyright infringement; (2) misappropriation of trade secrets; (3) conversion; and (4) violation of California Business & Professions Code § 17200.  The provisions of Rule 41(d) of the Federal Rules of Civil Procedure shall be waived in connection with this dismissal without prejudice only as to VirtoSoftware, as Mediachase has reserved its rights and remedies against Counter-Defendant VirtoSoftware;

9.      This Final Judgment shall be binding upon, and inure to the benefit of, the Parties hereto and their respective successors and assigns;

10.      In any action or proceeding based upon an allegation that a party has violated the Final Judgment, the Permanent Injunction or the Parties' Settlement Agreement, the prevailing party shall be entitled to recover all of its reasonable attorneys' fees, expert fees and costs incurred in connection with the action or proceeding, without waiver or limitation of any additional remedies or relief to which the Parties shall be entitled;

11.      The Court shall retain jurisdiction over the Final Judgment, Permanent Injunction, Stipulation for Entry of Monetary Judgment, and Stipulation re: Dismissal, and any disputes relating thereto.

/ / /
/ / /
/ / /
/ / /
/ / /

12.    The Parties shall bear their own attorneys' fees and costs.

Dated:  _October 4, 2012

_____
The Honorable JOHN F. WALTER
United States District Judge

Submitted By:

Manatt, Phelps & Phillips, LLP
Shari Mulrooney Wollman
Adrianne E. Marshack


By: /s/ Shari Mulrooney Wollman
Shari Mulrooney Wollman
Attorneys for Mediachase, Ltd., Chris Lutz
and Julie Magbojos

and

Anderson & Associates
Michael D. Anderson
Nicholas Hnatiuk


By: /s/ Michael D. Anderson
Michael D. Anderson
Attorneys for Alexandre Siniouguine and
Alexandre Siniouguine dba Virtosoftware

305055986.1

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

5

FINAL JUDGMENT